1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EARL LEE PETTAWAY,                      )   No. CV 12-7097 R (FFM)
                                        )
                     Petitioner,        )   ORDER TO SHOW CAUSE WHY
                                        )   PETITION SHOULD NOT BE
     v.                                 )   DISMISSED AS UNEXHAUSTED
                                        )
DALINDA HARMAN, Chief,                  )
Contract Beds Unit,                     )
                                        )
                     Respondent.        )
                                        )

        Petitioner, a prisoner in state custody proceeding *pro se*, constructively

filed[1] a Petition for Writ of Habeas Corpus ("Petition" or "Pet.") on or about

August 7, 2012.[2]  Petitioner challenges a 2010 revocation of probation and

imposition of a term of confinement.  (Pet. at 6.)  Petitioner alleges that he

appealed his sentence asserting as his sole ground for relief a contention that the

trial court abused its discretion in revoking his probation and imposing a term of

---

[1]     A *pro se* prisoner's relevant filings may be construed as filed on the date
they were submitted to prison authorities for mailing, under the prison "mailbox
rule" of *Houston v. Lack*, 487 U.S. 266, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988).

[2]     Petitioner initially submitted the Petition to the United States District Court
for the Southern District of California.  That court transferred the Petition to the
Central District.  The Petition contains a statement that it was submitted to prison
authorities for mailing on August 7, 2012.

confinement.  (*Id*. at 2.)  The California Court of Appeal affirmed the sentence.
Petitioner sought review by the California Supreme Court, arguing that the Court
of Appeal had applied an incorrect standard of review and that the trial court had
abused its discretion.  (*Id*.)  The California Supreme Court denied review.

Petitioner alleges that he has not filed any habeas petitions in state court
with respect to his sentence.  (*Id*. at 3-4.)

**1.**   **FAILURE TO EXHAUST**

A.   <u>The Court may not consider a petition that includes unexhausted</u>
<u>claims.</u>

Under the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), a federal court will not grant a state prisoner's petition for writ of
habeas corpus unless it appears that the petitioner has fully exhausted available
state court remedies with respect to each of the issues presented, or, unlike the
instant case, the state has expressly waived the exhaustion issue.  *See* 28 U.S.C. §§
2254(b), (c); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 839, 119 S. Ct. 1728,
144 L. Ed. 2d 1 (1999); *Rose v. Lundy,* 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L.
Ed. 2d 379 (1982); *Duncan v. Henry,* 513 U.S. 364, 365-66, 115 S. Ct. 887, 130
L. Ed. 2d 865 (1995) (*per curiam*).  State remedies have been exhausted if a
petitioner has "fairly presented" each federal claim to the highest state court with
jurisdiction to review it, and a claim has been "fairly presented" if a petitioner has
set forth both the operative facts and the federal legal theory on which the claim is
based.  *See, e.g., Duncan,* 513 U.S. at 365-66; *Anderson v. Harless,* 459 U.S. 4, 6,
103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor,* 404 U.S. 270, 275, 92 S.
Ct. 509, 30 L. Ed. 2d 438 (1971).  Thus, "for purposes of exhausting state
remedies, a claim for relief in habeas corpus must include reference to a specific
federal constitutional guarantee, as well as a statement of the facts that entitle the
petitioner to relief."  *Gray v. Netherland*, 518 U.S. 152, 162-63, 116 S. Ct. 2074,
135 L. Ed. 2d 457 (1996); *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008).  A

petitioner may also alert the state court to the federal basis of his claim by citing "a case deciding such a claim on federal grounds . . . ." *Baldwin v. Reese*, 541 U.S. 27, 32, 124 S. Ct. 1347, 158 L. Ed. 2d 64 (2004); *Davis*, 511 F.3d at 1011.

The petitioner has the burden of demonstrating that he has exhausted available state remedies. *See*, *e.g., Brown v. Cuyler*, 669 F.2d 155, 158 (3d Cir. 1982). However, the Ninth Circuit has held that, for purposes of exhaustion, *pro se* petitions are held to a more lenient standard than counseled petitions. *See Sanders v. Ryder*, 342 F.3d 991, 999 (9th Cir. 2003); *Peterson v. Lampert*, 319 F.3d 1153, 1159 (9th Cir. 2003).

### B.   The Petition appears to be unexhausted.

Petitioner states that he presented two claims to the California Supreme Court:  the Court of Appeal applied an incorrect standard of review and the trial court abused its discretion in revoking parole and imposing a term of confinement pursuant to his original sentence.  Petitioner does not allege that either of these claims is based on federal law.  Unless petitioner presented a federal legal theory to the California Supreme Court, the claim is unexhausted.  Petitioner has failed to demonstrate that he has presented such a theory to the California Supreme Court.

### C.   Neither exception to the exhaustion requirement is applicable.

AEDPA provides that the Court may consider an unexhausted claim if "there is an absence of available State corrective process; or . . . circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(B)(i)-(ii).  Thus, if it were clear here that petitioner's unexhausted claim was procedurally barred under state law, then the exhaustion requirement would be satisfied.  *See Castille v. Peoples*, 489 U.S. 346, 351-52, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Johnson v. Zenon*, 88 F.3d 828, 831 (9th Cir. 1996).  However, it is not "clear" here that the California Supreme Court would hold that petitioner's unexhausted claim is procedurally barred under state law, if petitioner were to raise it in a habeas petition to the California Supreme

1   Court (which, being an original proceeding, is not subject to the same timeliness

2   requirement as a petition for review of a California Court of Appeal decision).

3   *See*, *e.g.*, *In re Harris*, 5 Cal. 4th 813, 825 (1993) (granting habeas relief where

4   petitioner claimed sentencing error, even though the alleged sentencing error

5   could have been raised on direct appeal); *People v. Sorensen*, 111 Cal. App. 2d

6   404, 405 (1952) (noting that claims that fundamental constitutional rights have

7   been violated may be raised by state habeas petition).  The Court therefore

8   concludes that there is neither an absence of available state corrective process nor

9   an existence of circumstances that render such process ineffective.

10  **2.     ORDER TO SHOW CAUSE**

11          Because petitioner has not attached a copy of his petition for review to the

12  California Supreme Court, it is possible that petitioner presented a federal legal

13  theory to that court.  Therefore, the Court will provide petitioner with an

14  opportunity to explain precisely what theories he asserted in his petition for

15  review.

16          The Court orders petitioner to show cause in writing within 15 days of the

17  date of this order why the Petition should not be dismissed for failure to exhaust.

18  If available, petitioner should include a copy of his petition for review to the

19  California Supreme Court with his response to this order.

20          If petitioner fails to provide a timely response to this order, the Court will

21  recommend that the Petition be dismissed without prejudice for failure to exhaust.

22          IT IS SO ORDERED.

23

24  DATED: August 23, 2012

25                                        ____/S/ FREDERICK F. MUMM____
                                              FREDERICK F. MUMM
26                                          United States Magistrate Judge

27

28